JOHN FINNEY, Plaintiff in Error, v. CLAIBORNE HARRIS and ISRAEL W. PICKENS, Defendants in Error.

1. FORTHCOMING BOND, WHEN IT MAY BE OBJECTED TO.—The sureties to a forthcoming bond should make their objection to it, if they intend to do so, at the return term of the bond; where, therefore, H. and P. signed and sealed a forthcoming bond in blank, as the sureties of one C., and he afterwards filled it up and delivered it to the sheriff, who returned it forfeited, it is too late for the sureties, after the lapse of four years, to come into a court of equity, to seek relief on account of such defect.

2. EQUITY: LACHES.—A party cannot invoke the aid of a court of equity, when he has lost his remedy at law by his own *laches*.

In error from the District Chancery Court at Carrollton. Hon. Henry Dickinson, vice chancellor.

One of the defendants in error, Claiborne Harris, on 1st day of June, A. D. 1849, filed his bill against Israel M. Pickens, the other defendant in error, Robert Cook, and John Finney, the plaintiff in error, seeking relief by a perpetual injunction against a judgment in a forthcoming bond, entered into by him and said Pickens, as sureties for Cook, to said Finney, on the 10th day of July, A. D. 1845, and forfeited on the 20th October, A. D. 1845; based upon a judgment rendered in the Circuit Court of Holmes county, in favor of Finney against Cook, on the 21st April, 1841: He charges, as the ground for the relief sought, that the levy made by the sheriff on Cook's property, for the forthcoming of which the bond was given, was fictitious, and that no actual levy was made.

Pickens answered, admitting the fact stated in the bill, and made his answer a cross bill, and sought the same relief.

At the April term, A. D. 1850, of the District Chancery Court,

Harris amended his bill, and charged that when the bond was signed by him and Pickens, it was in blank, as to the property levied on, and was afterwards perfected by Cook, without any authority from Harris and Pickens, and was therefore void as to them: that he and Pickens had only discovered said defect in the bond within a few days before the filing of the amended bill: that they discovered it by reading a deposition of Cook, taken in another suit in this court, in which he swore that all the forthcoming bonds given by him were in blank, when signed by his sureties. On the 23d September, 1850, Pickens answered the bill of Harris, admitting all the allegations thereof, and made his answer a cross bill. The deposition of Cook was taken by Harris and Pickens, which proved the allegation of their bill and answer, and cross bill, and amended cross bill.

This is all of the pleadings or proof that it is necessary to notice.

The vice chancellor decreed relief to Pickens and Harris, as prayed for; from which decree the writ of error was sued out.

*J. Z. George,* for plaintiff in error.

The forfeiture of a forthcoming bond is an inchoate judgment, and becomes final and complete, at the expiration of the term of the court next succeeding. It has then, all the effect, validity and force of any other judgment rendered in a court; the signing, sealing and delivery of a forthcoming bond, and its acceptance by the sheriff, give the parties thereto a day in court at the return term thereof. And being then in court, it is their duty to make their objections to it. If they do not, it is equivalent to permitting a judgment to be entered against them by default, and they cannot afterwards object. *Wanzer* v. *Baker,* 4 How. 369; *Kerningham* v. *Scanland,* 6 Ib. 540; *Merritt* v. *Vance,* Ib. 498.

The bond in this case is not absolutely void, as contended for by defendants in error, so as to bring it within the principle decided in *Buckingham* v. *Baily,* 4 S. & M. 545, *Smith* v. *Montgomery,* 11 Ib. 288, and *Berry* v. *Bland,* 7 Ib. 77. It at most can be only voidable. It will hardly be contended that this bond, though signed, sealed and delivered in blank, and afterwards filled

up by Cook without authority, was incapable of subsequent ratification by Pickens and Harris. A *void* act is incapable of subsequent ratification, so as to make it valid; their bond is therefore not void, but merely voidable, at most. It was infected by an infirmity which the parties could have removed or waived. It was their duty then, to have made their defence at law.

Pickens and Harris have been guilty of gross negligence and *laches*, in making their objections. Equity always discountenances negligence. By the use of ordinary diligence they could have discovered, if they did not already know the defect, in time to make their defence at law. Cook lived in the same county with them, and they could, if they had applied to him, have ascertained all about it.

*Dyer* and *Botters*, for defendants in error.

The bond in this case, being signed and sealed in blank, and filled up without authority by Cook, is absolutely void. *Crutcher* v. *Williams*, 5 How. 71; *Gilbert* v. *Anthony*, 1 Yerg. 144; 3 Bibb, 361; 5 Mon. 25; 1 Wash. 73; 4 Rand. 176; 6 Gill & Johns. 250; 1 Hill, S. C. R. 267; 2 Dev. & Battle, 381; 2 Brockenb. 64; Freem. Ch. R. 284.

If the bond be void, it may be attacked at any time. *Smith* v. *Montgomery*, 11 S. & M. 288, where the bond was given to a dead man, and the sureties were relieved in equity. In *Buckingham* v. *Baily*, 4 Ib. 545, a forthcoming bond given on a void judgment, was declared by this court to be void, and it was also decided that it could be attacked at any time. In *Berry* v. *Bland*, 7 Ib. 77, a forthcoming bond given by a married woman, was enjoined long after its execution, on the ground that it was void, —she having no power to execute it.

*J. Z. George*, in reply.

The case of *Williams* v. *Crutcher*, 5 How. 71, cited by defendants in error, does not establish the doctrine, that a forthcoming bond signed, sealed and delivered in blank, is absolutely void. If the expressions used by Judge Trotter in that case, can be construed to mean that the bond was void, they are mere *dicta*. The

Finney *v.* Harris et al.

defence in that case was made at the return term of the bond, and was good, whether the bond were void or merely voidable. It is a necessary incident to a voidable contract, that the party against whom it is attempted to be enforced may *avoid* it, by a proper defence at the proper time.

Mr. Justice FISHER, delivered the opinion of the court.

The object of this bill in the court below, was to perpetually enjoin the plaintiff in error from further proceedings, to enforce a judgment upon a forfeited forthcoming bond, against the appellees, in the Circuit Court of Holmes county.

The plaintiff in error in 1841 recovered a judgment in said court, against one Robert Cook, for about the sum of $400. An execution was within the proper time issued upon the judgment, and in the language of the bill, "pretendedly levied upon the property of the debtor, Cook," who entered into the forthcoming bond in question, with the complainants as his sureties. It is alleged that no levy of the execution was in fact made, and that the bond was in many respects blank at the time it was signed by the complainants, and delivered to Cook, who after such delivery to him filled up the blanks in the bond, and delivered it to the sheriff, who returned it together with the execution, forfeited into court. The bill further avers, that the complainants had only discovered these several objections to the bond, a short time before filing the bill, which was filed in 1849, about eight years after the execution of the bond.

These being the material allegations of the bill, the question arises, whether the decree of the chancellor perpetuating the injunction should be sustained.

In the first place the complainants aver, that the bond was in many particulars blank when they signed it, and that they were at the time ignorant of this important fact. This statement is almost too incredible to be believed, for it is hardly possible that a man of ordinary caution would sign a blank bond, without knowing the fact at the time. Nor is it probable that if Cook, who filled up the bond, had acted wholly without authority from them, they could not, by the use of ordinary diligence, have been prepared to

show this fact at the return term of the bond, and availed themselves of their remedy within the proper time at law.   It is impossible to resist the conclusion, that the complainants, at the time they signed the. bond, were fully informed as to the use intended to be made of it, and the effect which the law gave to it, when returned forfeited.   Being thus informed, they were bound to make their objections, if they intended to make any, at the earliest possible period, so as not to delay the plaintiff in pursuing his remedy on his judgment.

Whether the bond was valid or invalid at the time it was returned into court, is not now the question, but whether, having lost their remedy at law by their own *laches*, a court of equity should after this lapse of time aid them.

We think not.   If they had pursued their remedy at law within the proper time, the plaintiff might have immediately pursued his remedy against his debtor before his insolvency, and might have secured his debt.

Decree reversed, and bill dismissed.